## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JABBAAR MUJAAHID ABDUL,**
**DC #M92135,**

    **Petitioner,**

v.                                                   **Case No. 4:24cv082-MW/MAF**

**ROBERT CONNER,**

    **Respondent.**
_____/

## REPORT AND RECOMMENDATION TO TRANSFER
## HABEAS CORPUS PETITION

On or about February 14, 2024, Petitioner Jabbaar Mujaahid Abdul, DC #M92135, a state inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. He has not yet paid the filing fee or submitted a motion for leave to proceed in forma pauperis.

Petitioner is currently incarcerated at the Franklin Correctional Institution, in Carrabelle, Florida, which is in the Northern District of Florida. *See* ECF No. 1; 28 U.S.C. § 89(a). A review of the petition reflects that he challenges his current confinement pursuant to a state court conviction in case number F14-4843/F14-21284 from the Eleventh Judicial Circuit Court, Dade County, Florida, which is located in the Southern District of Florida. *See* ECF No. 1; 28 U.S.C. § 89(c). As relief, Petitioner asks the Court to

Page **2** of **4**

"vacate judgment and sentence and discharge Petitioner upon dismissal of the charges against him; or in the alternative, vacate the judgment of conviction and sentences entered against him, and grant him a new trial; or in the alternative, set this matter for an evidentiary hearing on the claims raised herein; and grant such other and further relief as this Court may deem just, proper and equitable." ECF No. 1 at 26.

Jurisdiction for § 2254 petitions is appropriate in the district of confinement and the district of conviction. 28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district of conviction or in district of incarceration). In this case, however, because the district of conviction appears to be the most convenient and appropriate venue, this petition should be transferred to the United States District Court for the Southern District of Florida, Miami Division. *See* 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); S.D. Fla. IOP 2.01.01(d); <u>Eagle v. Linahan</u>, 279 F.3d 926, 933 n.9 (11th Cir. 2001) (noting "[t]he practice of the district courts in Georgia is to transfer habeas petitions filed in the district where the petitioner is confined

to the district where the petitioner was convicted"); Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) ("Under 28 U.S.C.A. § 2241(d), state convicts may file federal habeas corpus petitions in the district either where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses. Although section 2241(d) primarily governs jurisdiction, we believe it has implications as to venue between divisions in the same district. Section 2241(d) militates in favor of filing the applicant's petition in New Orleans, the division where the witnesses are located, rather than in Baton Rouge, the division in which the applicant is confined."). *See generally*; Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992) (explaining that "district courts should avoid the temptation to transfer habeas petitions without giving careful consideration to the convenience of witnesses" and, at note 118, citing Mitchell); Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985) (explaining prisoner may bring habeas petition attacking conviction in another state that may subject him to future custody in that state: "In that situation, jurisdiction exists concurrently in both the district of the prisoner's confinement and the district in the state in which the conviction which he seeks to attack was entered. The most convenient forum will often be the district in the state whose conviction is

Case No. 4:24cv082-MW/MAF

being attacked, and a transfer of the case to that district is permissible, but not required, under 28 U.S.C. § 1404(a)." (citations omitted)).

Accordingly, it is respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Southern District of Florida, Miami Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 20, 2024.

S/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.